UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                            ) | No.    22-cr-387 (APM) |
| ) | |
| ROLANDE DIANNE BAKER     ) | |
| Defendant.       ) | |
| ) | |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Ms. Baker is a 71-year-old retired special education teacher and great-grandmother who lives in Tucson, Arizona.  Ms. Baker fully accepts responsibility for her actions on November 2, 2022.  She made the decision to protest at the Supreme Court to encourage women to vote to prevent further disintegration of the right to access abortions knowing that she would likely face criminal prosecution and is ready to accept the consequences of that decision.  What Ms. Baker did not expect was to spend over 30 hours in custody on conditions that significantly exacerbated her existing medical conditions.  The time Ms. Baker has already served, plus a one-year stay away order from the Supreme Court, is sufficient but not greater than necessary to accomplish the goals of sentencing when considering all of the 18 U.S.C. § 3553(a) factors.

### BACKGROUND

On November 2, 2022, Ms. Baker and two other women were lawfully granted entry to the Supreme Court to watch oral arguments.  As soon as the arguments began, the women in turn peacefully stood and made a brief statement in support of abortion rights and encouraging women to vote to protect the right to abortion.  Ms. Baker was the second to speak and Court officers immediately removed Ms. Baker from the courtroom.  Ms. Baker took no action to prevent or delay her removal.  Ms. Baker's actions were intentionally brief, peaceful, and

1

occurred at the very beginning of the argument to limit any potential disruption. As soon after Ms. Baker's initial appearance as possible, Ms. Baker expressed her desire to come to a non-trial resolution in this case and to accept responsibility for her actions. Ms. Baker has signed a plea agreement, waiver of trial, and statement of offense and is prepared to go forward with a joint plea and sentencing on January 13, 2023 to one count of Speeches and Objectionable Language in the Supreme Court Building, in violation of 18 U.S.C. § 6134, a misdemeanor. To preserve the Court's resources, Ms. Baker has waived preparation of a Presentence Report. Ms. Baker, together with Emily Paterson and Nicole Enfield, also submits the attached letter accepting responsibility for her actions. *See* Ex. A.

## ARGUMENT

**I.    Legal Standard**

The offense in Count One of the Information is a Class B misdemeanor. *See* 18 U.S.C. § 3559(a)(7). Therefore, the sentencing guidelines do not apply, *see* USSG § 1B1.9, and the Court must determine the sentence by applying the factors in 18 U.S.C. § 3553(a). Section 3553(a) sets forth the following factors a court must consider when fashioning a "sufficient, but not greater than necessary," sentence:

> (1) the nature and circumstances of the offense and history and characteristics of the defendant;
> 
> (2) the need for the sentence imposed –
> 
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> 
>> (B) to afford adequate deterrence to criminal conduct;
>> 
>> (C) to protect the public from further crimes of the defendant; and
>> 
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most efficient manner;
> 
> (3) the kinds of sentences available;
> 
> (4) the kinds of sentence and the sentencing range …;
> 
> (5) any pertinent policy statement . . . ;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

II.  **Imposing a Time-Served Sentence is Sufficient, But Not Greater Than Necessary, to Comply with § 3553(a).**

   A.  **Ms. Baker's Personal History and Characteristics**

Ms. Baker was born in Akron, Ohio. Until she was five years old, she essentially lived on the road as her parents traveled to sell magazines door to door. At five-years-old, Ms. Baker and her parents settled more permanently outside Buffalo, New York. From ages 5 until 14, Ms. Baker attended boarding school, transferring to public school when she began high school. Ms. Baker has one sister, who is 8 years younger. Just before Ms. Baker started her senior year of high school, her family moved to Indianapolis, Indiana. After graduating from high school, Ms. Baker enrolled at Indiana State University, where she earned a degree in Sociology.

In 1971, when Ms. Baker was 19-years-old and in college, she had to travel from Indiana to New York City to receive an abortion because abortions were not legal in Indiana. While in New York, Ms. Baker learned from the individuals working at Planned Parenthood that they were always looking for volunteers to help drive other women who could not afford their own transportation from places like Indiana to New York to receive the care they needed. Ms. Baker then spent her summer volunteering with Planned Parenthood in Indianapolis to assist other women who were going through the same process that she had just completed. Ms. Baker was lucky that she had the means and support to make that decision for herself and receive the care she needed and was committed to assisting those who were not as fortunate.

After Ms. Baker graduated with her degree in Sociology, she worked as a social worker for the State of Indiana in Gary, Indiana. From 1974 to 1987, Ms. Baker lived in Gary, where

she got married and had her three children. After a few years as a social worker, Ms. Baker decided to go back to school and received her teaching certificate from Valparaiso University. Ms. Baker taught preschool in Indiana until 1987, when she and her family moved to Tucson, Arizona. In Tucson, Ms. Baker continued teaching preschool until the mid to late 1990s, when she got her masters in special education and became a special education teacher. She taught special education from 2000 to 2017, when she retired. Ms. Baker is now divorced. She has three children, nine grandchildren, and one great grandchild. Her youngest son is 41-years-old and lives with her; along with her 24-year-old grandson. Ms. Baker's youngest son suffers from a disability due to a childhood accident. When he was 9-years-old, he suffered a traumatic head injury that forever altered his life. He relies on Ms. Baker and her grandson (his nephew) to help with things like cooking, shaving, and other similar activities.

Ms. Baker has been politically active and involved in peaceful protests since she was in high school protesting the Vietnam War. Ms. Baker actively supported the movement that led to the Supreme Court's decision in *Roe v. Wade* and the recent decision overruling *Roe* has reignited her commitment to fighting for the right of women everywhere in the United States to have access to abortion-related health care. Her experience when she was 19-years-old has made her committed to fighting so other women do not have to go to such lengths to get the treatment they need.

Ms. Baker also suffers from a disability caused by a faulty hip replacement in 2014. Because of that hip replacement, which necessitated two subsequent replacements, she has a difficult time walking and uses a cane, and she suffers from pain and inflammation in her hip and legs. Ms. Baker mitigates the pain and inflammation with over the counter medication, by limiting how much she stands, or by having the correct support while sitting or lying down.

## B. Nature and Circumstances of the Offense

Ms. Baker entered the Supreme Court knowing that she would likely be arrested after she made her statement. She stood peacefully and made her statement at the very beginning of the oral argument to cause the least amount of disturbance. When the court officers approached her, she held out her hands and, without any resistance, exited the courtroom. The intention behind her action was to be heard, but to cause the least disturbance, and to calmly comply with any law enforcement officer that she encountered because of her actions. She had no intention of evading law enforcement or avoiding responsibility for her actions.

Despite the fact that Ms. Baker's arrest occurred just after 10:00 a.m., with plenty of time to bring her before a magistrate judge on that same day, Ms. Baker was held for over 30 hours and not released from custody until after 5:00 p.m. the following day. Ms. Baker spent over 30 hours in various detention facilities, including in the D.C. Central Cellblock, where the temperatures were in the 90s (in early November). Ms. Baker, who must use a cane to walk and suffers from inflammation in her hips and legs, was unable to sit or lay down on the metal cot without experiencing severe pain in her hips and legs. She was forced to sit on the toilet for much of the night because it was the only way to minimize the pain in her hip and legs. At one point during the night, after 6-8 hours of discomfort and pain, Ms. Baker sought out medical care at the clinic within the Central Cellblock. The nurse was very concerned with the swelling in Ms. Baker's feet and her blood pressure. Despite the fact that the nurse wanted Ms. Baker to remain in the clinic where she could elevate her legs and undergo monitoring, the sergeant demanded that Ms. Baker return to her cell and stridently questioned the need for even a thin mat to alleviate some of the harshness of the metal cot. Fortunately for Ms. Baker, the nurse was insistent and Ms. Baker returned to her cell with a thin mat to use on the cot. However, officers

prohibited Ms. Baker from using her cane to move within the Cellblock or between the Cellblock and the transport vehicles, further exacerbating her discomfort.

### C. The Need to Promote Respect for the Law, Provide Just Punishment, Protect the Community and Provide Adequate Deterrence, and the Need to Avoid Unwanted Sentencing Disparities

Ms. Baker has fully complied with the terms of her pretrial release for the past two and a half months. She has checked in regularly with pretrial services and has complied with the stay away order set by Magistrate Judge Upadhyaya. *See* Ex. B.[1] Ms. Baker fully understands that her actions in the Supreme Court violated the law and although her support for the cause remains, she will only be engaging in lawful protests in the future. Ms. Baker has been sufficiently deterred from future misconduct because she has already faced significant consequences for what she did. Ms. Baker served over 30 hours of jail time, which was a severe restriction of her liberty, especially given her disability. There is also no reason to believe a sentence greater than time served is necessary to protect the public from Ms. Baker. Although her actions briefly disrupted the Supreme Court, there was no permanent damage and no harm occurred as a result of her actions.

Although there are no cases identical to Ms. Baker's, the sentences in January 6 cases provide useful touchstones. When viewing Ms. Baker's actions in contrast to the actions of individuals who unlawfully entered the U.S. Capitol on January 6, 2021, it is clear that a sentence of time served is sufficient, but not greater than necessary. Ms. Baker's peaceful and very brief actions cannot result in a sentence equivalent to individuals who participated in the events of January 6. The following four cases are examples of individuals who entered the

---

[1] Counsel understands that the government intends to request a larger stay away area. Ms. Baker opposes that request.

Capitol building on January 6 and received a sentence of no more than 2 months' probation. Ms. Baker's actions were unquestionably less dangerous, severe, and disruptive than these defendants and, as a result, a lower sentence is warranted.

- *United States v. William Blauser, Jr.*, No. 21-cr-386-01 (TNM)
    - Mr. Blauser was indicted for his actions on January 6, 2021. He pled guilty and admitted that on January 6th, he pushed past law enforcement to enter the U.S. Capitol and while inside the Capitol, he was "involved in a brief skirmish with law enforcement." *Blauser*, No. 21-cr-386-01 (TNM), Statement of Offense, Dkt. 77 at 4 (Nov. 15, 2021).
    - Mr. Blauser plead guilty to one count of parading and picketing, a Class B misdemeanor.
    - Mr. Blauser was 75 years old when he entered the Capitol on January 6th.
    - Mr. Blauser was sentenced to no jail time and no probation. He was ordered to pay a $500 fine and $500 in restitution. *Blauser*, No. 21-cr-386-01 (TNM), Judgment, Dkt. 108 (Feb. 3, 2022).
- *United States v. Danielle Doyle*, No. 21-cr-324 (TNM)
    - Ms. Doyle climbed through a broken window to enter the U.S. Capitol on January 6, 2021 and remained in the building for 20-25 minutes. *Doyle*, No. 21-cr-324 (TNM), Statement of Offense, Dkt. 24 at 3 (July 14, 2021).
    - Ms. Doyle pled guilty to one count of parading and picketing, a Class B misdemeanor.
    - Ms. Doyle was sentenced to 2 months' probation, a $3,000 fine, and $500 in restitution. *Doyle*, No. 21-cr-324 (TNM), Judgment, Dkt. 34 (Oct. 5, 2021).
- *United States v. Sean Cordon*, No. 21-cr-269 (TNM)
    - Mr. Cordon climbed through a broken window to enter the U.S. Capitol on January 6, 2021 and remained in the building for less than 10 minutes. *Cordon*, No. 21-cr-269 (TNM), Statement of Offense, Dkt. 24 at 3-4 (Aug. 27, 2021).
    - Mr. Cordon pled guilty to one count of parading and picketing, a Class B misdemeanor.
    - Mr. Cordon was sentenced to 2 months' probation, a $4,000 fine, and $500 in restitution. *Cordon*, No. 21-cr-269 (TNM), Judgment, Dkt. 37 (Nov. 15, 2021).
- *United States v. Jenny Cudd*, No. 21-cr-68 (TNM)
    - Ms. Cudd unlawfully entered the U.S. Capitol on January 6, 2021 and remained in the building for approximately 20 minutes. *Cudd*, No. 21-cr-68 (TNM), Statement of Offense, Dkt. 76 at 4 (Oct. 13, 2021).

- Ms. Cudd pled guilty to one count of parading and picketing, a Class B misdemeanor.
- Ms. Cudd was sentenced to 2 months' probation, a $5,000 fine, and $500 in restitution. *Cudd*, No. 21-cr-68 (TNM), Judgment, Dkt. 97 (March 24, 2022).

The government's request of 12 months' probation is greater than necessary and would equate Ms. Baker's peaceful and brief protest with the actions of individuals involved in the riot on January 6th, some that climbed through broken windows, and unlawfully entered and remained within the U.S. Capitol. *See, e.g.*, *United States v. Macrae*, No. 22-cr-181 (JEB) (sentence of 12 months' probation, 150 hours' community service, and $500 restitution); *United States v Carollo, et al.*, No. 22-cr-44 (APM) (two defendants sentenced to 12 months' probation, 60 hours community service, and $500 restitution); *United States v. Seymour, et al.*, No. 22-cr-41 (APM) (both defendants sentenced to 12 months' probation, 60 hours' community service, and $500 restitution); *United States v. Snow*, No. 22-cr-30 (TJK) (sentence of 12 months' probation, 60 hours' community service, and $500 restitution); *United States v. Sizer*, No. 21-cr-621 (CRC) (sentence of 12 months' probation, $2,000 fine, and $500 restitution); *United States v. Edwards*, No. 21-cr-366 (JEB) (sentence of 12 months' probation, $2500 fine, 200 hours' community service, and $500 restitution); *United States v. Witcher*, No. 21-cr-235 (RC) (sentence of 12 months' probation, 60 hours' community service, and $500 restitution).

A sentence of probation is not necessary to reflect the purposes of punishment and is greater than necessary to promote respect for the law, provide just punishment, protect the community, and provide adequate deterrence. A sentence of time served will also not create unwarranted sentencing disparities, but will prevent Ms. Baker's offense from being punished to the same extent as individuals who participated in the January 6 riot and unlawfully entered the U.S. Capitol.

## **CONCLUSION**

For the reasons described above and for any other reason the Court finds, a sentence of time-served is appropriate with a one-year stay away order from the Supreme Court.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Diane Shrewsbury
Assistant Federal Public Defender
625 Indiana Avenue NW, Ste. 550
Washington, D.C. 20004
(202) 208-7500
Diane_Shrewsbury@fd.org